Pérez de Tudela, Appellant, *v.* Registrar of Humacao, Respondent.

Appeal from a Decision of the Registrar of Property Denying Admission to Record of Possessory Title Proceedings.

No. 257.—Decided March 31, 1916.

Municipalities—Segregation of Villages.—Although Act No. 9 of 1914 went into effect on March 12, the date of its approval, the fact is that under the terms of the said act the villages of Guánica, Luquillo, Ceiba and Las Piedras were not converted into independent municipalities until July 1, 1914.

Id.—Possessory Title Proceedings—Record of Title—Witnesses.—The possessory title proceedings under consideration having been begun and approved and the certificate of the mayor of Fajardo having been issued after the passage of Act No. 9 of 1914 but before the complete separation of the municipality of Luquillo, it was held that the lot could and should be recorded in the name of the municipality of Fajardo; that a person residing in Fajardo could be considered at that time as a resident of Luquillo and was competent to testify in possessory title proceedings involving property situated in Luquillo, and that the mayor of Fajardo had authority to issue the certificate attesting that the lot formed part of the said municipality for the purpose of recording it in the registry.

Id.—Usufruct—Record of Title—Building Permit.—When it appears from a certificate issued by a mayor that a lot was granted in usufruct by the municipal council to the petitioner, it is not necessary to present in the registry a permit of the municipality to build a house thereon in order to record the same by means of possessory title proceedings.

Possessory Title Proceedings—Final Decision—Certificate of Secretary— Curable Defect.—The final decision approving possessory title proceedings

should be attested by the secretary of the court, and when it is signed by the judge only the omission constitutes a curable defect.

ID.—CITATION OF ADJOINING LANDOWNERS.—There is no statutory provision requiring that the summons served on the adjoining landowners shall be attached to the proceedings. It it sufficient to attach the affidavit or certificate of the person serving the summons.

The facts are stated in the opinion.

The appellant appeared *pro se.*

The registrar appeared *pro se.*

MR. JUSTICE DEL TORO delivered the opinion of the court.

On April 18, 1914, Alfredo Pérez de Tuleda y Calzada began proceedings in the Municipal Court of Fajardo to prove the possession of a certain house built on a lot belonging to the said municipality. The proceedings were prosecuted to a judgment in favor of the petitioner. He presented the approved proceedings in the Registry of Property of Humacao and the registrar refused to admit the same to record for the reasons stated in the following decision:

· "These proceedings are denied admission to record because the lot on which the house referred to therein is constructed is not recorded, only a cautionary notice of a refusal to record the same in favor of the municipality of Fajardo being entered for a term of 120 days; because it does not appear from the proceedings that the municipality authorized the construction of the house, and because one of the witnesses who testified in the proceedings is a resident of Fajardo and not of Luquillo where the property is situated and the latter was a separate municipality at the time the possessory proceedings were begun. In lieu thereof a cautionary notice is entered, etc., and the following curable defects are found: The secretary of the municipal court failed to certify to the final ruling on the proceedings and the owners of the adjoining properties and the *fiscal* are not shown to have been summoned."

There was also presented for record in the Registry of Property of Humacao a certificate signed by the mayor of Fajardo to the effect that the lot on which the house whose possession was proved in the said proceedings is situated belongs to the said municipality. This was likewise denied

admission to record for the reasons stated in the following decision:

"The lot referred to in this certificate is denied admission to record because its record in the name of the municipality of Fajardo is not expressly requested therein, although it is stated that the said municipality has been the owner of the lot from the time the municipality of Luquillo was annexed thereto, and it appearing that on the date of the said certificate the said municipality had been separated from the municipality of Fajardo by an Act of the Legislative Assembly of Porto Rico approved March 12, 1914, and now forms a new municipality with the same boundaries as formerly, the registrar is unable to determine, by reason of the ambiguous language of the document presented, whether the possession of the said lot should be recorded in favor of the municipality of Luquillo or of that of Fajardo. A cautionary notice is entered, etc."

From both decisions Pérez de Tudela appealed to this court. The grounds upon which the decisions appealed from are based may be summarized as follows:

1. That at the time the possessory title proceedings were begun and the certificate of the mayor of Fajardo was issued Luquillo was an independent or separate municipality; therefore the lot did not belong to the municipality of Fajardo and residents of that municipality could not testify in the possessory title proceedings.

2. That no authority to build was shown.

3. That the decision approving the proceedings was not certified to by the secretary.

4. That it was not shown that the owners of the adjoining lands were summoned.

Let us examine the first ground.

1. The possessory title proceedings were begun on April 18, 1914, and were approved on May 2 following. The certificate of the mayor of Fajardo was issued on April 8, 1914. Act No. 9 of 1914 to constitute the villages of Guánica, Luquillo, Ceiba and Las Piedras into separate municipalities was approved on March 12, 1914. When did it begin to take effect? The registrar contends that it was effective from

the date of its approval. The appellant contends that it went into effect on July 1, 1914.

We are of the opinion that the registrar is right in maintaining that the act went into effect on March 12, 1914. Section 14 thereof so prescribes in the following unmistakable words: ''This Act shall take effect from and after its approval.'' But notwithstanding this fact, we think the registrar is wrong in his conclusion that from the date of the approval of the act the municipality of Luquillo became converted *de facto* and *de jure* into an independent municipality.

Section 2 of the said act provides that within the thirty days following the approval of the same the Governor shall appoint an *alcalde* and a municipal council. Section 3 provides that within the same period he shall appoint a school board. Section 4 provides that on and after July 1, 1914, the newly appointed *alcaldes* shall discharge all the duties prescribed by law for *alcaldes* of municipalities of the third class and that prior to such date they shall perform such duties and have authority to act upon such matters as may be necessary to effect the complete organization of a separate municipal government on the said date. Sections 5 and 6 make like provisions for municipal councils and school boards. Section 7 provides that the *alcaldes,* municipal councils and school boards of Yauco, Fajardo and Humacao shall retain until June 30, 1914, such jurisdiction as they theretofore exercised over the segregated territories. Section 9 provides that all real property belonging to the municipalities of Yauco, Fajardo and Humacao situated within the new municipalities shall be delivered over to the latter not later than June 30, 1914.

Therefore, it will be seen from the terms of the act as a whole that, although it began to take effect on March 12, 1914, the date of its approval, it prescribed a period for the preliminary work necessary to perfect the separation in a proper manner and that in fact the separated municipalities, including Luquillo, were not converted into inde-

pendent municipalities until July 1, 1914, which really was the logical date to be fixed therefor inasmuch as the new fiscal year began on that date.

The dates on which the possessory title proceedings were begun and approved and on which the said certificate of the mayor of Fajardo was issued are included, therefore, within the said preparatory period; consequently we are of the opinion that the mayor of Fajardo had authority to issue the certificate attesting that the lot could and should be recorded in the name of the municipality of Fajardo and that a witness residing in Fajardo could be considered at that time as a resident of Luquillo and was competent to testify in possessory title proceedings involving property situated in Luquillo because Luquillo was still a part of Fajardo.

2. Appearing as it does from the certificates issued by the mayor that the lot in question "was granted in usufruct by the municipal council of Fajardo to Alfredo Pérez de Tudela," we think it was not necessary to present in the registry a permit of the municipality to build the house referred to in the possessory title proceedings.

3. In our opinion there exists the curable defect pointed out in this paragraph. The final decision approving the possessory title proceedings is signed by the municipal judge only, and as there is a secretary of the said court it is obvious that he should have certified thereto. As a precedent we cite the decision of the General Directorate of Registries of November 13, 1872. Odriozola, Mortgage Jurisprudence, 446.

4. As to the failure to show that the owners of the adjoining lands were summoned, we will say that the law only requires that they shall be summoned, but we do not know of any provision of law, nor has any been cited by the registrar, which requires that the summons shall be attached to the proceedings. In the present case the affidavit of the person who summoned the adjoining owners is attached to the

proceedings, thus showing that the statutory requirement was complied with.

In view of the foregoing, we are of the opinion that the respondent registrar should be ordered to enter the records solicited but, as regards that of the possessory title proceedings, with the curable defect that the secretary of the municipal court failed to certify to the court's approval.

*Reversed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.